IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACI M. LEFEVER and ) <br> CHRISTOPHER KNUDSEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> A.H. HOFFMAN, INC., and JOHN ) <br> DOES 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV 04-311-S -LMB <br><br> ORDER |

Currently pending before the Court is Defendant's Motion/Petition for an Award of Attorney's Fees and Expert Witness Fees (Docket No. 31, Att. 1).  In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing.  Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

## I.

## BACKGROUND

On June 23, 2002, Plaintiff Traci LeFever's home was destroyed by a fire.  *Defendant's Statement of Material Facts*, ¶ 15 (Docket No. 16, Att. 2).  Fire officials concluded that the fire was caused by a cigarette extinguished in an outside planter filled with a soilless potting soil manufactured and distributed by Defendant A.H. Hoffman, Inc.  *Id*. at ¶¶ 4, 25.  Plaintiffs filed a Complaint with this Court on June 19, 2004, alleging that Defendant was "negligent in failing to

**ORDER -1-**

warn consumers about the flammability of [its] Potting Soil" and that Defendant breached an implied warranty of merchantability because the soil "was dangerous for foreseeable use." *Complaint*, ¶¶ 16, 20 (Docket No. 1). On February 1, 2006, Defendant filed a Motion for Summary Judgment on both of Plaintiffs' claims, which the Court granted. *Order* (Docket No. 29). Defendant now seeks costs and attorneys' fees in this action. *Defendant's Motion/Petition for an Award of Attorney's Fees and Expert Witness Fees* (Docket No. 31, Att. 1); *Defendant's Bill of Costs* (Docket No. 33).

## II.

## DISCUSSION

### A.   Standards of Law

In diversity actions, federal courts must apply state law with regard to the allowance or disallowance of attorney fees. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."); *Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975). Because this is a diversity action, the Court must apply Idaho law.

In contrast, an award of standard costs in a diversity case is usually governed by Federal Rule of Civil Procedure 54(d) and the federal court's local rules. *Champion Produce*, 342 F.3d at 1022. District of Idaho Local Civil Rule 54.1 allows for an award of costs to the prevailing party, provided that a party serve and file "a cost bill in the form prescribed by the Court" within "fourteen . . . days after entry of a judgment, under which costs may be claimed." The "cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred, and are allowable by law." *Id*.

Although Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so." *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).  However, "[i]n exercising that discretion, a district court must 'specify reasons' for its refusal to award costs." *Berkla*, 302 F.3d at 921.

B.  **Attorney's Fees**

    1.  **Section 12-120(3) Award of Fees on Contract Action**

Defendant first argues that Idaho Code Section 12-120(3) allows for an award of fees in this action.  Section 12-120(3) provides:

> In any civil action to recover on an open account . . . or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Defendant claims that fees must be awarded under Section 12-120(3) because Plaintiffs brought this action to recover on a contract involving the sale of goods or merchandise.[1] *Defendant's Reply*, p. 3 (Docket No. 35).  For Defendant to recover under this language of § 12-120(3), the action must be one to recover "on the contract." *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990) (citing *T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 642 P.2d 70 (Ct. App. 1982), a case in which attorney's fees were denied because, although there was a bailment between the parties, the "underlying cause of action was grounded in negligence, not in contract").

---

[1] Both parties agree that Plaintiff LeFever's purchase of potting soil does not qualify as a "commercial transaction" and Defendant does not seek an award of fees under this portion of section 12-120(3).  *See Defendant's Reply*, p. 3 (Docket No. 35).

**ORDER -3-**

Defendant's view of the nature of this action as one based on contract hinges on Plaintiffs' claim for a breach of the implied warranty of merchantability. Although such a claim can be brought as a contract action, it is also the basis for an action in tort, *Chenery v. Agri-Lines Corp.*, 106 Idaho 687, 689-90, 682 P.2d 640, 642-43 (Ct.App. 1984), and § 12-120(3) does not apply to a claim for attorney fees when the action involves a tort, even if the underlying action was a commercial transaction, *McPheters v. Maile*, 138 Idaho 391, 397, 64 P.3d 317, 323 (2003). *See also Fuller v. Wolters*, 119 Idaho 415, 425, 807 P.2d 633, 643 (1991) (agreeing that "tort actions are essentially actions in which the parties bear their own attorney's fees," regardless of who prevailed).

The Court need not decide whether Plaintiffs' claim for breach of an implied warranty of merchantability is based on tort or contract law though because Plaintiffs' only other claim, and the one listed first in its Complaint, is based on alleged negligence. *Complaint*, ¶ 16 (Docket No. 1). Section 12-120(3) does not provide for fees on negligence claims. *J.R. Simplot Co. v. Rycair, Inc.*, 138 Idaho 557, 565, 67 P.3d 36, 44 (2003). *See also Sammis v. Magnetek, Inc.*, 130 Idaho 342, 354, 941 P.2d 314, 326 (1997) (declining to award fees because, although two contractual theories–breach of express and implied warranties–were brought, "the main thrust of [the] suit clearly sounded in tort" and included claims for negligence and strict liability).

Additionally, where fees attributable to a contract claim cannot be separated from a tort claim that is outside the scope of § 12-120(3), attorney's fees may be denied. *Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 79, 910 P.2d 744, 751 (1996). The affidavit of Defendant's counsel contains several time entries describing work and services performed in preparing a motion summary judgment on both of Plaintiffs' claims, but does not contain a single entry referencing a "contract" claim, nor does counsel's affidavit segregate any of the entries into time spent on the

**ORDER -4-**

warranty claim versus time spent on the negligence claim.² *Anderson Affidavit* (Docket No. 31, Att. 3). Thus, because the affidavit of counsel does not isolate the fees attributable to the defense of the "contract" (warranty) claim from the defense of Plaintiffs' negligence claim, attorney's fees cannot be awarded in this action pursuant to Section 12-120(3). *See, e.g., Rockefeller v. Grabow*, 136 Idaho 637, 645, 39 P.3d 577, 584 (2001) (upholding a district court's denial of fees where the court "could not apportion those fees that were incurred in using the breach of fiduciary duty issue as a contract defense from those incurred in using the breach issue as a tort counterclaim"); *Brooks*, 128 Idaho at 78, 910 P.2d at 750; *Weaver v. Searle Bros.*, 129 Idaho 497, 502, 927 P.2d 887, 892 (1996) (upholding the district court's denial of attorney fees because the party requesting fees had not separated the fees attributable to the contract claim from those attributable to another claim not covered by § 12-120(3)).

    **2.**    **Award of Fees for Frivolous or Unfounded Action**

Defendant's alternative basis for an award of attorney's fees is Idaho Code § 12-121. Attorney fees may be awarded under this statute if the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Ackerman v. Bonneville County*, 140 Idaho 307, 313, 92 P.3d 557, 563 (Ct.App. 2004); Idaho R. Civ. P. 54(e)(1). The applicable legal standard is whether "all claims brought or all defenses asserted are frivolous and without

---

    ² The affidavit of counsel submitted in support of Defendant's Petition for Fees indicates that defense counsel also may have viewed this action as one sounding primarily in tort. The entries claiming time for research and analysis include the following descriptions: analysis of authority on "causation issues and duty to warn of flammability potential," *Anderson Affidavit*, p. 9 (Docket No. 31, Att. 3); "evaluation of product misuse defense," *id*. at p. 10; "conduct research on Products Liability Duty to Warn and the applicable provisions of the Restatement of Torts Product Liability as they relate to the Duty to Warn," *id*. at p. 14; "research on manufacturer's duties and responsibilities under Products Liability law specifically related to the type and adequacy of warnings and when they are required," *id.* at p. 15; "research on the issues related to when a duty to warn arises under Idaho law," *id*. at p. 18; "Restatement (second) of Torts and annotated cases related to that claim of negligent failure to warn." *Id.*

**ORDER -5-**

foundation." *Rockefeller*, 136 Idaho at 645, 39 P.3d at 585 (internal quotation marks and citation omitted).  Further, an award of attorney's fees under this section is a discretionary decision. *Lohman v. Flynn*, 139 Idaho 312, 321, 78 P.3d 379, 388 (2003).

Defendant argues that Plaintiffs' Complaint "cannot be said to have been brought or pursued reasonably or with a good faith belief that the negligence and warranty claims were appropriate or warranted."  *Defendant's Memorandum of Points and Authorities*, p. 7 (Docket No. 31, Att. 2).  Although the Court excluded for summary judgment purposes newspaper and internet articles provided by Plaintiffs discussing fires caused by cigarettes in potting soil, *Order*, pp. 3-6 (Docket No. 29), these articles provide some support for Plaintiffs' claim that they reasonably pursued this action with a good faith belief that it was warranted.  The articles discuss the potential flammability of potting soil and relate instances where fires have been started by potting soil.  Although this information did not meet the standard for evidence to be considered or admitted in defending against summary judgment, it is reasonable information supporting the claim of Plaintiffs' counsel that he had a good faith basis for bringing and continuing to pursue this action.  Further, the Idaho State Fire Marshall's report indicated that the fire in Plaintiffs' home started in a planter and burned down through peat moss (an ingredient in Defendant's product) and that the ignition source was probably a cigarette.  *LeFever Affidavit*, Ex. C, p. 6 (Docket No. 22, Att. 4).

Moreover, Plaintiffs filed this action without the benefit of the report of Defendant's expert or knowing that Defendant would establish it had no notice of any incidents of fires originating from cigarettes in potting soil.  *See Defendant's Memorandum of Points and Authorities*, p. 7 (Docket No. 31, Att. 2); *Defendant's Reply*, p. 4 (Docket No. 35).  Thus, the information provided by Defendant's expert and Defendant cannot provide a basis for finding

**ORDER -6-**

that Plaintiffs brought this case unreasonably or without foundation.  Although when deciding whether a case was brought or defended frivolously, unreasonably, or without foundation, the entire course of the litigation must be taken into account, *Lieurance-Ross v. Ross*, 142 Idaho 536, 539, 129 P.3d 1285, 1288 (Ct.App. 2006), because the expert and notice information came to light during the summary judgment proceedings and Plaintiffs had a factual basis for their claims (albeit one that was not adequately supported for summary judgment purposes), the Court is not "left with the abiding belief" that Plaintiffs continued to pursue the action frivolously, unreasonably, or without foundation.  *Sammis*, 130 Idaho at 353, 941 P.2d at 325.  Accordingly, the Court declines to exercise its discretion to award attorney's fees under section 12-121.

For the same reasons, attorney's fees will not be awarded under Idaho Code Section 12-123 for the filing of a frivolous or unfounded action.  Conduct is frivolous if it: "(1) obviously serves merely to harass or maliciously injure another party to the civil action; or (2) is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."  *Merrill v. Gibson*, 142 Idaho 692, 698, 132 P.3d 449, 454 (Ct.App. 2005).  There is no indication that this action was brought for harassment purposes, even though Plaintiff's claims ultimately were unsuccessful.

C.    **Costs for Expert Witness**

Defendant also requests that the Court award it costs under a state rule, Idaho Rule of Civil Procedure 54(d)(1)(C)(8), for its expert witness fees.  Defendant acknowledges that the case of *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160 (9th Cir. 1995) requires application of federal cost limitations and rules in diversity cases, but urges the Court to apply the reasoning of *Clausen v. M/V New Carissa*, 339 F.3d 1049 (9th Cir. 2003), in which the Court of Appeals for the Ninth Circuit allowed expert witness costs to be awarded under state law.  *Defendant's*

**ORDER -7-**

*Memorandum of Points and Authorities*, p. 8 (Docket No. 31, Att. 2).  The *Clausen* decision, however, was based on application of a state damages provision that permitted recovery of certain costs *as compensatory damages*; it did not involve a choice between state and federal rules of procedure governing recovery of costs.  *Clausen*, 339 F.3d at 1064.  Accordingly, because the choice presented here is simply between application of the state or federal cost rule and no damages provision is involved, *Clausen* provides no basis for an exception to the application of the federal rule.  On this basis, Defendant's request pursuant to state law for an award in the amount of $4,627.23 for its expert witness fees is denied.

Pursuant to District of Idaho Local Civil Rule 54.1 and 28 U.S.C. § 1821, witnesses "in attendance at any court of the United States, . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" may be paid an attendance fee of $40 per day for each day's attendance, as well as travel costs, with certain limitations.  28 U.S.C. § 1821.  "Fees for expert witnesses are not taxable in a greater amount than that statutorily allowable for ordinary witnesses."  D. Idaho L. Civ. R. 54.1(c)(4).  Defendant's Bill of Costs does not request reimbursement for its expert witness fees at the statutory rate (or any rate).  (*See* Docket No. 33).  Accordingly, no costs will be awarded for Defendant's expert witness fees.

**D.     Bill of Costs**

Defendant has submitted a Bill of Costs, requesting that costs be taxed in the amount of $547.03.  (Docket No. 33).  Because Plaintiffs have not objected to any specific portion of this Bill and the Bill complies with the requirements of District of Idaho Local Civil Rule 54.1, costs will be taxed against Plaintiffs in the amount requested.

**ORDER -8-**

## III.

## ORDER

For the reasons explained above, IT IS HEREBY ORDERED:

1. Defendant's Motion/Petition for an Award of Attorney's Fees and Expert Witness Fees (Docket No. 31, Att. 1) is DENIED.

2. Defendant's Bill of Costs (Docket No. 33) is APPROVED. Costs are taxed in the amount of $547.03.

DATED: **August 17, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER -9-**